**Miriam L. VICKERS, Plaintiff—Appellant,**

v.

**UNITED STATES of America, et al., Defendants—Appellees.**

No. 01–56005.

D.C. No. CV–98–07540–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 19, 2002.

Decided Nov. 15, 2002.

* The Honorable Charles W. Breyer, United States District Judge for the District of Northern California, sitting by designation.

Before REINHARDT and BERZON, Circuit Judges, and BREYER,* United States District Judge.

MEMORANDUM **

In February 1996, Akanni Kendalla, an INS detention enforcement officer, shot Miriam Vickers with his service revolver during a domestic argument. Vickers appeals the district court's determination, after a bench trial, that the INS is not liable for Vickers' injuries under California negligence law as incorporated in the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Because the district court did not clearly err in concluding that no INS negligence caused Vickers' injuries, we affirm. *See Vollendorff v. United States,* 951 F.2d 215, 217 (9th Cir.1991) (issues of breach and causation are questions of fact, reviewable for clear error). Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

Vickers first argues that the INS' negligent investigation of prior accusations against Kendalla caused her injuries. According to Vickers, a more thorough investigation would have caused the INS to deny Kendalla access to his service revolver, ultimately preventing the shooting incident between Kendalla and Vickers. The district court did not clearly err in rejecting that conclusion.

In 1994 Callada–Ramirez, in the course of accusing Kendalla of various inappropriate activities, made an ambiguous assertion, bereft of details, that Kendalla shot at her with his service revolver. The INS investigated the relevant allegations. In its investigation, the INS did commit some oversights, such as failing to separately report the shooting allegation according to

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the INS Administrative Manual 8(A). In a prior opinion, we held that these internal policies, promulgated under the authority of 8 C.F.R. § 287.10(a) and 8 C.F.R. § 287.9(b), imposed a mandatory duty on the INS and that therefore, at least at the summary judgment stage, the discretionary function exception to the Federal Torts Claims Act did not apply. *Vickers v. United States,* 228 F.3d 944 (9th Cir.2000).

Based on additional evidence developed at trial, however, the district court concluded that, despite any such oversights, the INS thoroughly investigated the events surrounding the relationship between Kendalla and Callada–Ramirez yet did not find that any shooting had occurred. The district court's conclusion was not clearly erroneous.

INS investigators visited Kendalla's apartment and saw no obvious signs of a shooting. They also spoke with Kendalla's neighbors, who indicated that although they occasionally heard Callada–Ramirez arguing with Kendalla, they never head any unusual loud or strange noises, such as a gunshot. The INS investigators also thoroughly investigated Callada–Ramirez's various other assertions regarding her relationship with Kendalla by interviewing Kendalla, Kendalla's neighbors, the manager of Kendalla's apartment complex, and fellow DEA agents aware of the Kendalla/Callada–Ramirez relationship. Although the investigators corroborated many of Callada–Ramirez's assertions, they also concluded that some of her assertions were inconsistent and unsubstantiated. At the close of their investigation, the INS agents did not believe that an off-duty shooting had taken place.

Weighing the breadth of the INS investigation against the ambiguous and unsubstantiated allegation by Callada–Ramirez that Kendalla shot at her with his service

revolver, we cannot conclude that the district court clearly erred in holding that no additional or different type of INS investigation would have ultimately prevented Vickers' injuries.

We also reject, for the reasons stated by the district court, Vickers' allegation that she would not have chosen to share an apartment with Kendalla had she been more thoroughly informed of the Callada–Ramirez allegations.

For the foregoing reasons, the district court's judgment is AFFIRMED.